JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

VELVET BROON, LTD.,

**(b)** County of Residence of First Listed Plaintiff: United Kingdom
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kurtz and Partners P.C.
1265 Drummers Lane, Suite 120, Wayne, PA 19087
610-688-2855

**DEFENDANTS**

MADRIGAL PHARMACEUTICALS, INC.

County of Residence of First Listed Defendant: Montgomery County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☒ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
28 U.S.C. 1332(a)(2)

Brief description of cause:
Breach of Contract

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 562,859.37 , Plus Additional Relief set set forth in Complaint

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE: 10/13/2026

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

Place of Accident, Incident, or Transaction: Montgomery County, Pennsylvania

***RELATED CASE IF ANY:*** Case Number:____________ Judge:____________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☐ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:____________

**B. *Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):____________
- ☐ 7. Products Liability
- ☒ 8. All Other Diversity Cases: *(Please specify)* Breach of Contract

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☐ **does not** have implications beyond the parties before the court and ☐ **does** / ☐ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[ X ] Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

[ ] None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| VELVET BROON, LTD.,<br>Plaintiff,<br>v.<br>MADRIGAL PHARMACEUTICALS, INC.,<br>Defendant. | CIVIL ACTION<br>NO: 26-7828 |

## COMPLAINT

Plaintiff, Velvet Broon, Ltd., by and through its undersigned counsel, Kurtz and Partners P.C., hereby files this Complaint against Defendant, Madrigal Pharmaceuticals, Inc., and states as follows:

### THE PARTIES

1. Plaintiff, Velvet Broon, Ltd. ("Plaintiff"), is a United Kingdom limited private company.

2. Upon information and belief, Defendant, Madrigal Pharmaceuticals, Inc. ("Defendant"), is a Delaware corporation with its principal place of business located at 1001 Conshohocken State Road Suite 2-350, West Conshohocken, PA 19428.

### JURISDICTION

3. Plaintiff is a United Kingdom limited private company with its principal place of business located in the United Kingdom. As such, Plaintiff is a citizen of the United Kingdom.[1]

[1] *See, e.g.*, *SHLD, LLC v. Hall*, No. 15 CIV. 6225 LLS, 2015 WL 5772261, at *2 (S.D.N.Y. Sept. 29, 2015) ("UK private limited companies are treated as corporations for the purposes of diversity subject-matter jurisdiction.").

4. Defendant is a corporation incorporated in the State of Delaware, with its principal place of business located in Pennsylvania. As such, Defendant is a citizen of Delaware and Pennsylvania.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) because (i) this action is between citizens of a State and of a foreign state; and (ii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) & (b)(2) because (i) Defendant resides within this district; and (ii) substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTS

7. Plaintiff provides business strategy, planning, and consulting services for companies launching products in the pharmaceutical space.

8. Defendant "is a biopharmaceutical company focused on delivering novel therapeutics for metabolic dysfunction-associated steatohepatitis."[2]

9. In or around July 2023, Plaintiff and Defendant began discussing a business relationship through which Plaintiff would provide certain services to assist with Defendant's goal to become an international pharmaceutical company via its international launch and promotion of its Resmetirom product (Rezdiffra).

10. On August 28, 2023, Plaintiff and Defendant executed a Master Services Agreement (the "<u>MSA</u>") and Statement of Work No. 1 ("<u>SOW</u>"). True and correct copies of the MSA and SOW are attached hereto as *Exhibits A* and *B*, respectively.

---

[2] https://www.madrigalpharma.com/.

11. The MSA contains the general terms that govern the parties' relationship. The SOW contains the more specific details of the work and payment terms.

12. The SOW stated that Defendant engaged Plaintiff to provide services to help Defendant achieve certain milestones that would culminate in the launch of Rezdiffra in international markets.

13. The SOW describes Plaintiff's work in general terms. For example, the SOW provides, in relevant part:

> [Plaintiff] will provide services to build out the core fundamentals of a launch platform aligned to [Defendant] key milestones. [Plaintiff] will provide consulting and other services to allow [Defendant] to achieve program milestones and to provide consulting advice [*sic*] to [Defendant] in order for [Defendant] to make informed investment / strategic decisions regarding focused expansion efforts beyond US borders to achieve organizational goals
>
> . . .
>
> The scope will cover European "EU4 & UK" markets and [Plaintiff] will provide services to investigate and advice [Defendant] on potential routes to market and either partner with current [Defendant]suppliers in this area or work to onboard new suppliers as required to deliver a local market access presence in the in-scope markets. [Defendant] will contract directly with any new suppliers as appropriate.

*See Exhibit B* at § 1.

14. Defendant agreed to pay Plaintiff for "Services"—which are separately and specifically defined in the SOW—on an hourly basis based on the rates set forth in the SOW, subject to an overall cap for such hourly fees. *See Exhibit B* at §§ 1 & 3.

15. Separately from such fees, Defendant agreed to pay Plaintiff additional amounts based on certain "Milestone Achievements," which are listed separately in the SOW. *See id.* at § 1, Appendix I.

16. Finally, Defendant also agreed to pay Plaintiff "1% [of] international gross turnover" as a "[r]evenue share of future International sales for a period of 10yr post execution of [the SOW]." *See id.*

17. The SOW did not cap the number of Milestone Achievements that could be achieved or the amounts of the corresponding payments. Nor did the SOW cap the amount of Plaintiff's one-percent (1%) interest in future international revenues. There is no limitation on the time in which Milestone Achievements may be satisfied. The cap listed in the SOW applied only to the hourly fees set forth in the SOW. *See id.* at § 3.

18. The MSA provides Madrigal with the right to terminate the Agreement. However, Madrigal's payment obligations survive the termination of the Agreement. The MSA provides, in relevant part:

> Termination by Madrigal. . . Further, Madrigal may terminate this Agreement at any time upon thirty (30) days' prior written notice to COMPANY.
>
> . . .
>
> Survival of Certain Terms. The Parties acknowledge that some obligations in this Agreement will survive the expiration or any termination of this Agreement, **particularly obligations contained in Sections 3 through 8** and any other sections that include proprietary rights, confidential information, indemnification or insurance obligations.

*See Exhibit A* at §§ 8.2 & 8.5 (emphasis added).[3]

19. After executing the MSA and SOW, Plaintiff developed a business plan for Defendant's launch of its Resmetirom in international markets. Plaintiff's work included developing product pricing strategies, identifying appropriate Resmetirom patient populations, and

[3] Section 4 of the MSA, titled "Compensation," sets forth Madrigal's obligations to pay VB.

developing patient access guidelines. This fundamental work would be critical for the effective launch of Resmetirom in international markets and was referenced, in part, in the SOW.

20. On June 20, 2024, Defendant sent a letter to Plaintiff terminating the MSA and SOW effective July 20, 2024.

21. A year after Defendant terminated the MSA and SOW, it began launching Resmetirom in Europe. In August 2025, the European Commission issued a decision to grant conditional marketing authorization for Rezdiffra, which paved the way for sales in all twenty-seven (27) EU member states, as well as in Iceland, Liechtenstein, and Norway. International sales began in Germany in September 2025.

22. On February 19, 2026, Defendant submitted its Form 10-K for the fiscal year ending December 31, 2025. Defendant disclosed a total international net product revenue of $1,138,536 for 2024 and 2025. Defendant stated that it intended to launch Resmetirom in other international markets and estimated that approximately 370,000 patients have been diagnosed with conditions warranting the use of Resmetirom.[4] Analysts have projected that Defendant's global sales of Resmetirom could exceed $25.7 billion through 2032.[5]

23. Plaintiff requested that Defendant pay Plaintiff, in accordance with the terms of the MSA and the SOW, (i) Plaintiff's share of Defendant's international gross revenue; and the amounts owed to Plaintiff for post-termination Milestone Achievements.

24. In response to such request, Defendant has taken the position that the SOW does not require Defendant to pay either the Milestone Achievement payments or the payments based on the international gross revenue achieved by Defendant because, based on Defendant's

---

[4] https://www.pharmaceutical-technology.com/news/madrigal-wins-european-mash-approval-as-novo-rivalry-looms/.

[5] *Id.*

interpretation of the SOW, the overall cap purportedly applied to all such amounts, not just the hourly fees.

25. Such interpretation, however, contradicts the language and the overall structure of the SOW.

26. On or about April 28, 2026, Plaintiff sent a formal demand letter to Plaintiff, a true and correct copy of which is attached hereto as *Exhibit C*, demanding payment of all amounts then due under the MSA and the SOW.

27. Defendant refused to pay the amount it owes Plaintiff, leaving Plaintiff with no other choice than to file this lawsuit to enforce the payment obligations that Defendant agreed to in the MSA and the SOW.

**COUNT I – BREACH OF CONTRACT**

28. Plaintiff incorporates by reference all prior paragraphs as if set forth fully herein.

29. The MSA and SOW constitute a valid and enforceable contract between Plaintiff and Defendant.

30. Defendant breached the MSA and SOW by failing and refusing to pay the Plaintiff all amounts due under the terms thereof.

31. As a direct result of such breach, Plaintiff sustained damages in an amount no less than £425,000.00, plus Plaintiff's share (one percent (1%)) of Defendant's gross revenue from international sales of Resmetirom.

WHEREFORE, Plaintiff, Velvet Broon, Ltd., demands judgment in its favor and against Defendant, Madrigal Pharmaceuticals, Inc., in the amount of no less than £425,000.00, plus Plaintiff's share (one percent (1%)) of Defendant's gross revenue from international sales of Resmetirom, together with prejudgment interest thereon, and grant such other and additional relief as the Court deems just and proper.

**COUNT II – DECLARATORY JUDGMENT**

32. Plaintiff incorporates by reference all prior paragraphs as if set forth fully herein.

33. The Pennsylvania Declaratory Judgment Act provides parties with the right to seek from courts of competent jurisdiction a declaration of their rights and obligations under, *inter alia*, a written contract. 42 Pa. C.S.A. §§ 7532 & 7533.

34. Defendant has taken the position that that the MSA and the SOW do not require Defendant to pay either the Milestone Achievement payments or the payments based on the gross revenue from international sales of Resmetirom achieved by Defendant, which position is directly adverse to Plaintiff's position in those respects.

35. As such, there is an actual controversy regarding the parties' respective rights and obligations under the MSA and the SOW that needs to be resolved by way of declaratory relief with respect to the parties' respective rights and obligations under the MSA and the SOW.

36. Plaintiff seeks a declaration of its rights with respect to (i) its entitlement to payments associated with the Milestone Events as well as Defendant's revenues from international Resmitrom sales; and (ii) the amounts owed by Defendant under the MSA and SOW for both past and future international sales of Resmetirom. Particularly, VB seeks a declaration that it is entitled to one percent (1%) of Madrigal's gross revenue from the sale of Rezdiffra in all international markets through August 28, 2033.

WHEREFORE, Plaintiff, Velvet Broon, Ltd. demands a declaratory judgment in its favor and against Defendant, Madrigal Pharmaceuticals, Inc., declaring that Plaintiff is entitled to all payments associated to the Milestone Events set forth in the SOW as well as payment of one percent (1%) of Madrigal's gross revenue from the sale of Rezdiffra in all international markets through August 28, 2033, and grant such other relief as the Court may deem just and proper.

Respectfully submitted,

**KURTZ AND PARTNERS P.C.**

Date: October 13, 2026

*<u>/s/ Gleb Epelbaum</u>*

Gleb Epelbaum, Esquire
Attorney I.D. No.: 320904
Swedesford Park, Building Three
1265 Drummers Lane, Suite 120
Wayne, PA 19087
P: (610) 688-2855
gepelbaum@kurtzpartners.com
*Attorneys for Plaintiff,*
*Velvet Broon, Ltd.*